IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02520-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2006

GREGORY C. LANGHAM
CLERK

GEORGIA DYAS,
Plaintiff,

v.

WARDEN WALLACE NOBLE,
WARDEN JOAN SHOEMAKER,
GILES SPALDING, Captain,
BOBBY HARLEM, Lieutenant,
JOE ORTIZ, Executive Director,
SUSAN RISER, Lt., Canteen Coordinator, Case Manager, and
LT. BRUCE BRADLEY, General III Canteen,
Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Georgia Dyas was a prisoner in the custody of the Colorado Department of Corrections at the Denver Women's Correctional Facility at Denver, Colorado, when she initiated this action by filing ***pro se*** a Prisoner Complaint pursuant to 42 U.S.C. § 1983. It appears that Ms. Dyas has been released on parole. She alleges in the complaint that Defendants violated her rights under the United States Constitution while she was incarcerated. She seeks money damages as relief.

The court must construe the complaint liberally because Ms. Dyas is representing herself. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the ***pro se*** litigant's advocate. ***See Hall***, 935 F.2d at 1110. For the reasons stated below, Ms. Dyas will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient because Ms. Dyas fails to allege specific facts that demonstrate how each Defendant personally participated in the asserted violation of her rights. Personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. Dyas must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Ms. Dyas will be ordered to file an amended complaint in which she alleges specific facts to demonstrate how each Defendant personally participated in the asserted constitutional violations. Ms. Dyas is reminded that 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). Therefore, Ms. Dyas should name as Defendants in the amended complaint the individuals she believes actually violated her rights. Accordingly, it is

ORDERED that Ms. Dyas file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Ms. Dyas, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

FURTHER ORDERED that, if Ms. Dyas fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 15, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 05-cv-02520-BNB

Georgia Dyas
Prisoner No. 63581
5127 East Thrill Place
Denver, CO 80207

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/15/06

GREGORY C. LANGHAM, CLERK

By: [signature]
Deputy Clerk